IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:22-cv-00738-WO-JEP

| | |
|---|---|
| MARSHA FRYE,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | **BRIEF IN SUPPORT OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT** |

Hartford Life and Accident Insurance Company ("Hartford") submits this brief in support of its motion to partially dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Count III of the Complaint fails to state a plausible claim for statutory penalties under 29 U.S.C. § 1132(c)(1).

## Statement of the Case

Plaintiff brought this action on August 2, 2022 in the General Court of Justice, Superior Court Division, Rowan County, North Carolina, seeking Supplemental Life Insurance benefits under the Group Benefits Plan for employees of CSP ACQUISITION GROUP DBA CONTINENTAL STRUCTURAL PLASTICS, INC. ("the Plan"), which is an employee welfare benefit plan established and maintained by CSP Acquisition Group dba Continental Structural Plastics, Inc. ("CSP") and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Supplemental Life Insurance benefits under the Plan are funded by Group Policy No.

1

GL-80746 ("the Group Policy"), a Group Term Life Insurance Policy issued to CSP by Hartford. In addition to her claim for Plan benefits, Plaintiff asserted claims for civil damages under 26 U.S.C. § 7434 and statutory penalties under 29 U.S.C. § 1132(e)(1).

Hartford timely removed Plaintiff's state court action to this United States District Court. The case is now before the Court on Hartford's motion to partially dismiss Plaintiff's Complaint ("Hartford's Motion") because Count III fails to state a claim on which relief can be granted as a matter of law.

**Statement of Relevant Facts**

Plaintiff's Complaint is cast in three counts: Count I seeks Supplemental Life Insurance Benefits under 29 U.S.C. § 1132(a)(1)(B) (Complaint, Doc. 1-4, ¶¶ 23-30); Count II seeks civil damages under 26 U.S.C. § 7434 (*Id.* at ¶¶ 32-39); and Count III seeks statutory penalties under 29 U.S.C. § 1132(e)(1). (*Id.* at ¶¶ 41-46.) With respect to Count III, the Complaint contains the following allegations:

- That this action arises out of the Group Policy (*id.* at ¶ 3);

- That Plaintiff requested Hartford "provide documentation to support its contention that [the Decedent] was notified that he was not eligible to purchase the contributory Supplemental Life Insurance on or before January 1, 2020" (*id.* at ¶ 13);

- "That, after [Hartford] provided Plaintiff with partial claim documentation, Plaintiff, through counsel, wrote to [Hartford] on March 20, 2021, requesting that missing documentation be provided so that Plaintiff could move forward with an appeal of the adverse claim determination" (*id.* at ¶ 14; *see also id.* at ¶ 41);

2

- That Hartford "failed, refused, and neglected to provide the documentation requested" in the letter from Plaintiff's attorney dated March 20, 2021, which Plaintiff attached to her Complaint as Exhibit A, within 30 days (*id.* at ¶¶ 15, 42);

- "That on March 9, 2022, Plaintiff, through counsel, sent a demand to [Hartford] renewing her request that she be provided with claim information and documentation," which Plaintiff attached to her Complaint as Exhibit C (*id.* at ¶ 20; *see also id.* at ¶ 43);

- That Hartford acknowledged Plaintiff's "request for information and records relating to the adverse benefits determination" but "failed to provide the information and documents requested" within 30 days (*id.* at ¶¶ 21, 44);

- "That the information requested by Plaintiff on March 20, 2021, and March 9, 2022, is information [Hartford] is required to provide in connection with its role of administering the life insurance benefits at issue such that the Court should impose a *per diem* penalty up to $110 per day for each of the two violations identified above" (*id.* at ¶ 45); and

- "That [Hartford] is personally liable to the Plaintiff for the aforesaid *per diem* penalty for failure to provide the information requested from and after March 20, 2021 and March 9, 2022, respectively, until the information has been provided, in accordance with 29 U.S.C. § 1132(c)(1)." (*Id*. at ¶ 46.)

In the March 20, 2021 letter attached to Plaintiff's Complaint as Exhibit A, Plaintiff's attorney purported to attach "the Certificate of Insurance included among the

3

Plan documents." (Exhibit A, Doc. 1-4, p. 7.) Actually, Exhibit A to the Complaint only includes one page of the Certificate of Insurance for the Group Policy. (*Id.* at p. 9.) A complete copy of the booklet-certificate provided to employees of CSP ("the Booklet"), which contains the applicable Plan provisions governing the Group Term Life Insurance benefits Plaintiff seeks in this action, is attached to Hartford's Motion as **Exhibit 1**.

The March 20, 2021 letter requested copies of the following documents:

- the Group Policy (*id.* at p. 7);
- "the documents that Hartford provided to the Plan Administrator regarding the life insurance coverages being offered by Hartford to the employees starting January 1, 2020" (*id.*);
- "documents from Hartford explaining the limited modified annual enrollment period offered for the purchase of the voluntary life insurance product offered" (*id.*);
- "the contract between Hartford and the 'selling agent' regarding solicitation of the coverage available and payment of commissions on earned premiums that were paid for the 11 months prior to [the Decedent's] death" (*id.* at pp. 7-8); and
- "whatever documents there are" to explain any contention by Hartford that it was not bound by CSP's actions with respect to evidence of insurability for Supplemental Life Insurance coverage under the Plan. (*Id.* at p. 8.)

Plaintiff's attorney also stated in the March 20, 2021 letter that "this is an employer sponsored employee benefit plan governed by ERISA" and "the employer is the Plan Administrator." (*Id.*)

In the March 9, 2022 letter, Plaintiff's attorney requested copies of the following documents:

- the Group Policy (*id.* at p. 17);
- the Decedent's "application for $70,000 of voluntary supplemental life insurance" (*id.*);
- "Documents provided by the Hartford to the Plan Administrator regarding the life insurance coverages offered by the Hartford to the employees prior to January 1, 2020" (*id.*);
- "Disclosures made to [the Decedent] at the time he applied for $70,000 of voluntary supplemental life insurance, including documentation showing that [the Decedent] received such disclosures" (*id.*);
- the "Contract between the Hartford and the Plan regarding commissions payable from premiums paid by employees who purchased voluntary supplemental life insurance" (*id.*);
- "Documents which overcome the agency relationship between the Plan Administrator and the Hartford set forth in N.C.Gen.Stat. §58-58-30" (*id.*); and
- "Documents that demonstrate that the Hartford complied with the provisions of N.C.Gen.Stat. §58-58-140(4) when issuing the Certificate of Insurance for the coverage effective under [the Group Policy]." (*Id.*)

The Booklet confirms that CSP is the Employer, Plan Sponsor, and Plan Administrator. (**Exhibit 1**, p. 73.) The Group Policy and the Booklet "are incorporated into,

and form a part of, the Plan." (*Id.*) The Plan designated Hartford "as the claims fiduciary for benefits provided under the [Group] Policy," and granted Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the [Group] Policy. . . ." (*Id.*) However, "[t]he plan is administered by the Plan Administrator with benefits provided in accordance with the provisions of the applicable group plan," and "[t]he Plan Administrator reserves full authority, at its sole discretion, to terminate, suspend, withdraw, reduce, amend or modify the Plan, in whole or in part, at any time, without prior notice." (*Id.* at p. 74.) A copy of the Plan is available for review by Plan participants "during normal working hours in the office of the Plan Administrator." (*Id.* at p. 73.)

<u>**Argument and Citation of Authority**</u>

Taking all the above allegations of the Complaint as true for purposes of a Rule 12(b)(6) motion, Count III fails to state a plausible claim for statutory penalties against Hartford, Hartford's Motion should therefore be granted, and Count III of the Complaint should be dismissed with prejudice.

> **(a) The Court can consider the Booklet without converting this motion to dismiss to a summary judgment motion.**

In deciding this motion to dismiss, the Court can consider the Booklet without converting this Rule 12(b)(6) motion to one for summary judgment because the Booklet contains the provisions of the Plan that Plaintiff referred to and relied on in the Complaint.

As the court explained in *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995), "[c]ases from around the nation suggest that most courts have declared such

6

Case 1:22-cv-00738-WO-JEP   Document 8   Filed 09/14/22   Page 6 of 17

reliance permissible without converting the motion into one for summary judgment." *Id.*[1] The Fourth Circuit agrees with the weight of this authority. *See, e.g., Brentzel v. Fairfax Transfer & Storage, Inc.,* 2021 WL 6138286, at *2 (4th Cir. Dec. 29, 2021) ("a court may consider documents sufficiently referred to in the complaint or central to the plaintiff's claim when the authenticity is not disputed"); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) ("we may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity"); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (court can consider documents which are "integral to and explicitly relied on in the complaint").

---

[1] The court in *Gasner* cited: *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered"), *cert. denied*, 512 U.S. 1219 (1994); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) (narrow exception to conversion rule where documents are official public records, sufficiently referred to in complaint, and central to plaintiff's claim); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), *cert. denied*, 510 U.S. 1042 (1994); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (documents referred to in plaintiff's complaint and central to claim are considered part of the pleadings when attached to motion to dismiss); *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) (no conversion "[w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint"), *cert. denied sub nom*. 503 U.S. 960 (1992); *Teagardener v. Republic–Franklin Inc. Pension Plan*, 909 F.2d 947, 949 (6th Cir.1990) (where complaint quotes unattached document, court can consider and interpret language of document when proffered by defendant in connection with motion to dismiss), *cert. denied*, 498 U.S. 1027 (1991); and 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil,* § 1327, at 762–63 (2d ed. 1990).

Here, Plaintiff seeks Supplemental Life Insurance benefits under the Plan, and the Plan provisions contained in the Booklet are sufficiently referred to in the Complaint and are central and integral to Plaintiff's claims.

**(b) Count III of the Complaint fails to state a claim.**

Plaintiff's statutory penalty claim fails as a matter of law for two reasons: (1) Hartford is not the Plan Administrator (and therefore not the appropriate entity from which to request Plan documents or the appropriate target of a statutory penalty claim); and (2) aside from the Group Policy (which only CSP was required to furnish), the remaining documents about which Plaintiff complains are not among in the list of documents required to be furnished pursuant to in 29 U.S.C. § 1024(b)(4).

> **(1)** **Plaintiff's Complaint fails to state a claim for statutory penalties as a matter of law because Plaintiff did not request documents or information from the appropriate entity.**

Plaintiff's Claim for statutory penalties is untenable under 29 U.S.C. § 1132(c)(1)(B), which only authorizes a penalty against "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." The information an administrator is required to furnish upon request is set forth in 29 U.S.C. § 1024(b)(4), which provides: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

8

Under ERISA,

The term "administrator" means –

(i) the person specifically so designated by the terms of the instrument under which the plan is operated.
(ii) if the administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). In turn, "plan sponsor" is defined as "the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B)(i).

Because CSP is the Plan Administrator, Plan Sponsor, and Employer (*see* **Exhibit 1**, p. 73), CSP, and not Hartford, is the "administrator" which would be subject to statutory penalties under 29 U.S.C. § 1132(c)(1) for failure or refusal to furnish information pursuant to 29 U.S.C. § 1024(b)(4)[2]. The Complaint is devoid of any allegations to suggest Plaintiff requested information from CSP or CSP failed to furnish requested information. For this reason alone, Plaintiff's statutory penalty claim must fail and Count III must be dismissed.

> **(2) Hartford is not the Plan Administrator within the meaning of 29 U.S.C. § 1132(c)(1) and is therefore not subject to the statutory penalties that section authorizes.**

---

[2] *E.g.*, a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

Plaintiff has alleged that CSP is the Employer and Plan Administrator. (Complaint, Doc. 1-4, pp. 1-2, 4, ¶¶ 4, 8-11, 27-29; Exhibit A, Doc. 1-4, pp. 8, 17.) Further, the Booklet confirms that CSP is the Employer, Plan Sponsor, and Plan Administrator. (**Exhibit 1**, p. 73.) Moreover, the Booklet makes clear that CSP only designated discretion to Hartford to adjudicate claims for Plan benefits, and CSP retained authority and discretion with respect to all aspects of Plan administration. (*Id.* at pp. 73-74.)

"Under the plain language of ERISA, civil penalties can only be imposed upon the plan administrator." *Flores v. Life Ins. Co. of N. Am.*, 770 F. Supp. 2d 768, 773 (D. Md. 2011). Thus, "the law in the Fourth Circuit is that a court cannot impose penalties on an insurer unless the insurer falls within ERISA's definition of a plan administrator." *Id*. at 773 (citing *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir.1992)).

As the Fourth Circuit explained in *Coleman*: "While it is true that an insurer will usually have administrative responsibilities with respect to the review of claims under the policy, that does not give this court license to ignore [ERISA's] definition of plan administrator and to impose on [the insurance company] the plan administrator's notification duties." 969 F.2d at 62. Where, as here, the Plan Administrator delegated claim administration duties to the insurer, but Plaintiff has not "cited any part of the plan indicating that it delegated its disclosure responsibilities" under 29 U.S.C. § 1024, no statutory penalty may be imposed on Hartford. *See Boyd v. Sysco Corp.*, 2015 WL 5178151, at *6 (D.S.C. Sept. 3, 2015) (citing *Coleman*).

It follows that any alleged failure by Hartford to furnish information pursuant to 29

10

U.S.C. § 1024(b)(4) - *a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated* - to Plaintiff cannot form the basis of a plausible statutory penalty claim against Hartford. Count III of the Complaint must therefore be dismissed.

> **(3) An alleged failure to produce claim documentation and other materials requested by Plaintiff cannot subject Hartford to penalties under § 1132(c)(1) because those documents are not enumerated in § 1024(b)(4).**

Leaving aside the crucial fact that Plaintiff cannot recover statutory penalties from any entity other than CSP, the Plan Administrator, Plaintiff's claim fails for a second, distinct reason. Specifically, "Plaintiff is only entitled to document penalties for those documents required to be produced under 29 U.S.C. § 1024(b)(4)." *Murphy v. Int'l Painters & Allied Trades Indus. Pension fund*, 2015 WL 13746658, at *20 (S.D. W. Va. Apr. 16, 2015), *adopted by* 2015 WL 5722809, at *1 (S.D.W. Va. Sept. 29, 2015) (citing *Giertz-Richardson v. Hartford Life & Accident Ins. Co.*, 2007 WL 1099094, at *1 (M.D. Fla. Apr. 10. 2007).

As the court in *Giertz-Richardson* explained:

Section 1132(c) does not authorize penalties in connection with any and all types of information requested by the participant; rather, it refers specifically to a plan administrator's failure or refusal to provide the documents identified in Section 1024 of ERISA, namely the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

11

2007 WL 1099094, at *1 (citing *Montgomery v. Metropolitan Life Ins. Co.*, 403 F.Supp.2d 1261, 1265 (N.D. Ga. 2005) (quoting 29 U.S.C. § 1024(b)(4)) (cleaned up). "Because § 1024 specifically enumerates the types of documents to which § 1132(c) applies, penalties cannot be imposed for failure to provide documents other than those identified in § 1024." *Giertz-Richardson*, 2007 WL 1099094, at *1 (citations omitted).[3]

The Fourth Circuit has long held the language of § 1024(b)(4) requiring a Plan Administrator to furnish "other instruments under which the plan is established or operated" does not give rise statutory penalties for failure of an administrator to produce the claim file or other categories of documents the Plaintiff requested here (*e.g.,* documents relied on in reaching a claim decision; documents pertaining to enrollment in a plan or application for coverage under a plan; documents regarding how premiums are set with respect to a particular coverage offered under a plan; documents regarding commissions paid to independent agents or brokers; reference materials provided to employers; or documents that would support a defense to a claim or refute a legal argument made by the

---

[3] The holding in *Giertz-Richardson* is consistent with decisions in multiple jurisdictions. *See, e.g., Wilczynski v. Lumbermens Mut. Cas. Co.,* 93 F.3d 397, 405-07 (7th Cir.1996) (holding that statutory penalties under § 1132(c) did not apply to an administrator's alleged "failure to furnish the claim file"); *Brucks v. Coca-Cola Co.*, 391 F.Supp.2d 1193, 1210-11 (N.D. Ga. 2005) (rejecting as request for statutory penalties under § 1132(c) based on administrator's failure to provide requested "claims manuals, claims guidelines, CV's, medical record reviews, etc.," because those documents are not "[p]lan documents required to be provided under Section 1024"); *McNutt v. J.A. Jones Constr. Co.,* 33 F.Supp.2d 1375, 1381-82 (S.D. Ga. 1998) (holding § 1024(b)(4) "contains a comprehensive list of documents administrators must provide," and § 1132(c) statutory penalties are not available for failure to provide documents which were "not among the documents listed under the statute that must be provided to plan participants").

12

claimant). As the court held in *Faircloth v. Lundy Packing Co.*, "[t]he clear and unambiguous meaning of this statutory language encompasses only formal or legal documents under which a plan is set up or managed." 91 F.3d 648, 654 (4th Cir. 1996).

For this reason, courts in the Fourth Circuit consistently hold that claim file or other documents required to be produced to a claimant under Department of Labor claims regulations ("the Regulations") are not covered by § 1024(b)(4). In *Craine v. Hartford Life & Accident Ins. Co.*, the court noted "virtually every federal Circuit Court of Appeals that has considered the issue has held that [29 U.S.C. § 1132(c)] is not the appropriate vehicle for enforcement of ERISA § 503 and the regulations promulgated thereunder." 2010 WL 1957593, at *4 (M.D.N.C. May 17, 2010) (citing cases from the Third, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits) [4] (cleaned up).

Although the Fourth Circuit had not squarely addressed the issue, the court in *Craine* explained that "the Fourth Circuit has noted that it considers [29 U.S.C. § 1132(c)] a penal provision," and held it was therefore not an appropriate avenue of relief for alleged violations of the Regulations. Id. at *5 (citing Faircloth, 91 F.3d at 659). Likewise, the court in *Boyd* held, consistent with *Faircloth*, that although the Regulations "require claims

---

[4] Notably, even in the case cited by the court in *Craine*, the court was not willing to impose statutory penalties on a claim administrator such as Hartford. 2010 WL 195793, at * 4 (citing *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 944–45 (9th Cir. 2008), with the parenthetical: ("suggesting that ERISA's remedies provision in ERISA § 502(c) gives the plaintiff a cause of action to sue a plan 'administrator' who doesn't comply with a 'request for information' for which disclosure is required under ERISA § 503 and its implementing regulations, but ultimately concluding that there was no ERISA § 502(c) violation because the defendant 'claims administrator' was not the 'plan administrator' within the meaning of ERISA § 502(c)").

13

administrators to provide those appealing adverse claims determinations with claims information, the failure to provide the claims information does not fall under the penalty statute." 2015 WL 5178151, at *5-6.

Aside from the Group Policy (which is the only "other instrument" Plaintiff requested "under which the plan is established or operated" and which only CSP – as the Plan Administrator – was obligated to furnish upon request), the documents Plaintiff claims were not provided to her are not documents enumerated in 29 U.S.C. § 1024(b)(4), which contains the exclusive list of documents that give rise to a penalty claim when the Plan Administrator fails to produce them on request. Consequently, Count III of the Complaint must be dismissed.

## **Conclusion**

Based on the foregoing reasons and authorities, Defendant Hartford Life and Accident Insurance Company prays that its motion to partially dismiss Plaintiff's Complaint be granted, and that Count III of the Complaint be dismissed with prejudice.

Respectfully submitted, this 14th day of September, 2022.

             WOMBLE BOND DICKINSON (US) LLP

             */s/ Sonny S. Haynes*
             Sonny S. Haynes
             N.C. State Bar No. 41303
             One West Fourth Street
             Winston-Salem, NC  27101
             Telephone:  (336) 721-3632
             Facsimile:  (336) 726-2227
             Email:  Sonny.Haynes@wbd-us.com

             *Attorney for Hartford Life and Accident*
             *Insurance Company*

## LOCAL RULE 7.3(d)(1) CERTIFICATION

The undersigned hereby certifies that this brief does not exceed 6,250 words and is therefore compliant with Local Rule 7.3(d)(1). More specifically, the body of the brief, headings and footnotes comprise 3,725 words.

WOMBLE BOND DICKINSON (US) LLP

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorney for Hartford Life and Accident Insurance Company*

# CERTIFICATE OF SERVICE

This is to certify that on September 14, 2022, the undersigned attorney did file the foregoing document using this Court's CM/ECF system, which will automatically give notice via electronic means to the following attorney of record:

Michael Doran, Esq.
Doran Law Offices
225 North Mail Street, Suite 308
Salisbury, NC 28144
Email: mdoran@doranlaw-nc.com

*Attorney for Plaintiff*


WOMBLE BOND DICKINSON (US) LLP

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorney for Hartford Life and Accident Insurance Company*